**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andre McRae,<br><br>    Petitioner,<br><br>v.<br><br>Barbara Von Blanckensee,<br><br>    Respondent. | No. CV-20-00427-TUC-RM<br><br>**ORDER** |

On May 20, 2021, Magistrate Judge Maria S. Aguilera issued a Report and Recommendation ("R&R"), recommending that this Court dismiss Petitioner Andre McRae's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 for failure to exhaust administrative remedies or, in the alternative, that this Court deny or dismiss the claims alleged therein as meritless or non-cognizable on federal habeas review. (Doc. 24.) Petitioner filed an Objection (Doc. 26), to which Respondent Barbara von Blanckensee responded (Doc. 27).

**I.      Standard of Review**

A district judge "may accept, reject, or modify, in whole or in part," a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or

recommendations to which objection is made"). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

A proper objection requires "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). Where an objection does not focus on any specific issues for the district court's review, the "initial reference to the magistrate [judge is] useless." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Accordingly, a general objection to the entirety of an R&R is ineffective and 'has the same effect as would a failure to object.'" *Warling v. Ryan*, No. CV-12-01396-PHX-DGC(SPL), 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (quoting *Howard*, 932 F.2d at 509); *see also Haley v. Stewart*, No. CV-02-1087-PHX-DGC(CRP), 2006 WL 1980649, at *2-3 (D. Ariz. July 11, 2006).

**II.   Background**

In incident report number 3372681, Petitioner was charged with misuse of the email system in violation of Code 296. (Doc. 12-3 at 15.)[1] Disciplinary hearing officer Antonietta Estrada conducted a hearing on April 15, 2020, at which Petitioner and his staff representative were present. (*Id.* at 4, 10.) At the hearing, the disciplinary hearing officer advised Petitioner of his due process rights and confirmed that he had received a copy of the incident report. (*Id.* at 5, 10.) On May 18, 2020, the disciplinary hearing officer issued a report finding that Petitioner had committed the charged offense. (*Id.* at 10-14.) The report was delivered to Petitioner on May 19, 2020. (*Id.* at 14.)

---

[1] All record citations herein refer to the page numbers generated by the Court's electronic filing system.

- 2 -

An inmate appealing the results of a decision by a disciplinary hearing officer must submit a Regional Office Administrative Remedy Appeal, known as a BP-10, to the Regional Director within 20 calendar days from the date the disciplinary hearing officer signs the disciplinary report. 28 C.F.R. §§ 542.14(d)(2), 542.15(a).[2] If dissatisfied with the Regional Director's response, the inmate must file a Central Office Administrative Remedy Appeal, known as a BP-11, to the General Counsel within 30 calendar days from the date the Regional Director signs the response. 28 C.F.R. § 542.15(a). "Appeal to the General Counsel is the final administrative appeal." *Id.*

An appeal is considered filed on the date it is logged as received. 28 C.F.R. § 542.18. The Regional Director generally must respond to an appeal within 30 calendar days. *Id.* If an inmate does not receive a response from the Regional Director within the time allotted, "the inmate may consider the absence of a response to be a denial at that level." *Id.*

Petitioner submitted two BP-10s to the Regional Director. (Doc. 12-2 at 5-6, 22-26.) The first was rejected because it contained excessive continuation pages. (*Id.* at 5, 23.) The second was received on August 7, 2020 and was rejected as untimely. (*Id.* at 6, 26.) Petitioner did not file a BP-11. (*Id.* at 6, 18-20.)

**III. Discussion**

In his § 2241 Petition, Petitioner raises three claims alleging due process violations in connection with incident report number 3372681. (Doc. 1.) Specifically, in Ground One, Petitioner alleges that "Respondent attempted to impede, hinder and thwart" Petitioner's ability to appeal the disciplinary hearing officer's report by not providing him with a copy of the report in a timely manner after the disciplinary hearing, rejecting his BP-10 as untimely, and not providing him timely notice of the rejection. (*Id.* at 4-8.) In

---

[2] As the R&R recognizes (Doc. 24 at 4 n.2), the regulations at issue do not specifically address the filing deadline for appeals to the Regional Director from a disciplinary hearing officer's decision, but the regulations can reasonably be interpreted as requiring such an appeal to be filed within 20 days from the date the disciplinary hearing officer signs the disciplinary report. *See* 28 C.F.R. §§ 542.14(d)(2), 542.15(a). The disciplinary hearing officer's report at issue in this case advised Petitioner of his right to file an appeal within 20 days. (Doc. 12-3 at 14.)

- 3 -

Ground Two, Petitioner alleges that the incident report failed to provide specific details regarding the charged disciplinary offense, such as company names, dates and times, email addresses used, and messages sent. (*Id.* at 9-12.) In Ground Three, Petitioner alleges that his staff representative at the disciplinary hearing provided ineffective assistance and did not perform all duties in accordance with Bureau of Prisons ("BOP") policies. (*Id.* at 13-16.) Petitioner asks this Court to expunge incident report number 3372681 from his record and restore his Good Conduct Time. (*Id.* at 16, 19.)

Respondents filed a Response to the Petition (Doc. 12), and Petitioner filed a Reply (Doc. 16). In his Reply, Petitioner states that the Code 296 infraction at issue was expunged by the Regional Director during an appeal of an unrelated disciplinary conviction, administrative remedy number 1046261. (Doc. 16 at 4-5.) Magistrate Judge Aguilera accordingly ordered Respondent to file the records relating to administrative remedy number 1046261 and a supplemental brief addressing whether the § 2241 Petition is moot. (Doc. 22.) Respondent filed the records at issue and its supplemental brief on May 11, 2021. (Doc. 23.) The R&R issued on May 20, 2021. (Doc. 24.) On May 24, 2021, despite not being granted leave of Court to do so, Petitioner filed a Response to Respondent's supplemental brief. (Doc. 25.)

Magistrate Judge Aguilera's R&R finds, as an initial matter, that the § 2241 Petition is not moot despite Petitioner's contention that his disciplinary conviction was expunged by the Regional Director. (Doc. 24 at 3.) In so finding, the R&R determines that the expungement referenced by Petitioner concerned an unrelated disciplinary conviction. (*Id.*) Next, the R&R finds that Petitioner failed to fully exhaust his administrative remedies because he did not properly submit a timely BP-10 to the Regional Director and did not submit a BP-11 to the General Counsel. (*Id.* at 3-5.) In the alternative, the R&R finds that Grounds One and Three of the Petition should be dismissed for lack of jurisdiction and Ground Two should be denied as meritless. (*Id.* at 5-7.)

Petitioner purports to object to Magistrate Judge Aguilera's R&R "[in] its

entirety," and he "incorporates by reference" his Petition, Reply, and Response to Respondent's supplemental brief concerning mootness. (Doc. 26 at 1, 4.) Petitioner also specifically objects to two portions of the R&R. First, Petitioner objects to the R&R's finding that the Regional Director expunged an unrelated disciplinary conviction rather than the one at issue in this case. (*Id.* at 2-3.) Petitioner also objects to the R&R's finding that he failed to exhaust his administrative remedies. (*Id.* at 3-4.)

In response, Respondents argue (1) that nothing in the record indicates the Regional Director expunged the disciplinary conviction at issue here, (2) that Petitioner does not even claim to have taken the actions necessary to properly exhaust his administrative remedies, and (3) that Petitioner's general objection to the R&R is equivalent to a failure to object. (Doc. 27.)

As an initial matter, the Court finds that de novo review applies only to the portions of the R&R addressing mootness and exhaustion of administrative remedies, as Petitioner has raised specific objections only to those portions. Petitioner's general objection to the entirety of the R&R is ineffective and equivalent to a failure to object. *See Warling*, 2013 WL 5276367, at *2. Based on Petitioner's failure to raise any specific objections to the R&R's findings that Grounds One and Three should be dismissed for lack of jurisdiction and that Ground Two should be denied as meritless, the Court has reviewed those findings only for clear error. *See Prior*, 2012 WL 1344286, at *1.

The Court finds no error in the R&R's findings with respect to the merits of Grounds One, Two, and Three. The record reflects that Petitioner's disciplinary proceeding complied with due process requirements, *see Wolff v. McDonnell*, 418 U.S. 539, 564-72 (1974), and that at least "some evidence" supported the disciplinary hearing officer's decision, *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985). Furthermore, as discussed below, any delays in Petitioner's receipt of the Regional Director's responses to his BP-10s did not prevent Petitioner from fully exhausting his administrative remedies. Grounds One and Three are non-cognizable on federal habeas review to the extent they assert that the BOP failed to follow its internal policies. *See*

*Reeb v. Thomas*, 636 F.3d 1224, 1227-28 (9th Cir. 2011). Ground Three is also non-cognizable to the extent it asserts that Petitioner's staff representative rendered ineffective assistance at his disciplinary hearing. *See Bostic v. Carlson*, 884 F.2d 1267, 1274 (9th Cir. 1989), *overruled on other grounds by Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (en banc). Ground Two is without merit because incident report number 3372681 provided Petitioner with the notice required by due process. *See Wolff*, 418 U.S. at 564.

As Petitioner's claims are all non-cognizable or meritless, dismissal and denial of the Petition is appropriate regardless of whether Petitioner properly exhausted his administrative remedies. Nevertheless, the Court also agrees with the R&R's conclusion that Petitioner failed to exhaust his administrative remedies prior to bringing this action. Petitioner argues that his re-submitted appeal to the Regional Director should not have been denied as untimely, and he makes vague allegations that unknown persons changed the remedy ID number on the re-submitted appeal. (Doc. 26 at 3-4.) But even assuming that Petitioner submitted a timely appeal to the Regional Director, he has not shown that he submitted an appeal to the General Counsel, nor has he shown that he was prevented from doing so.[3]

The Court likewise finds no merit in Petitioner's objection to the factual findings that Judge Aguilera made in concluding that the § 2241 Petition is not moot. Petitioner alleges that the Regional Director expunged his Code 296 disciplinary violation, but the record he references relates to an unrelated incident report (incident report number 3396121), rather than the incident report at issue in this case (incident report number 3372681). (Doc. 23-1 at 6.)[4]

. . . .

---

[3] As the R&R recognizes (Doc. 24 at 4), the applicable regulations specify that an inmate may consider the absence of a timely response to be a denial of relief at that level, 28 C.F.R. § 542.18, and thus any delays in Petitioner's receipt of responses from the Regional Director did not prevent Petitioner from filing a BP-11 with the General Counsel.

[4] Furthermore, even if Petitioner's objection to this portion of the R&R did have merit, it would merely support an additional alternative reason for denying the Petition, as the Petition would be moot if the disciplinary conviction at issue had been expunged.

**IT IS ORDERED** that Petitioner's Objection (Doc. 26) is **overruled**.

**IT IS FURTHER ORDERED** that Magistrate Judge Aguilera's Report and Recommendation (Doc. 24) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **dismissed** for failure to exhaust administrative remedies or, in the alternative, partially dismissed for lack of jurisdiction and partially denied on the merits. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 29th day of October, 2021.

_____
Honorable Rosemary Márquez
United States District Judge